1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

10 Randall Nunley, D.D.S.,              )    No.    CV 06-2314-PHX-PGR
                                        )
11          Plaintiff,                  )
                                        )
12      vs.                             )    **ORDER**
                                        )
13                                      )
   Berkshire Life Insurance Co. of      )
14 America,                             )
                                        )
15          Defendants.                 )
   _____)

17      Although the current Complaint (Doc. 1) does not specify what statute provides the District Court with jurisdiction in this matter, the Court assumes that the Plaintiff is basing subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. However, having reviewed the Complaint, the Court finds that the jurisdictional allegations therein are inadequate to establish the existence of subject matter jurisdiction inasmuch as the Complaint fails to properly allege the citizenship of the parties.

        The jurisdictional allegation regarding Plaintiff Randall Nunley, D.D.S. is inadequate since it merely states that the Plaintiff "was and so remains a resident of Maricopa County, Arizona."  As the Supreme Court has repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of

> residence in a particular state is not an averment of citizenship of that state for purposes of jurisdiction.

*Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *accord*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiff's complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity statute, 28 U.S.C. § 1332, speaks of citizenship, not residency. ... [The] failure to specify Plaintiff's state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The jurisdictional allegation regarding Defendant Berkshire Life Insurance Company of America ("Berkshire Life") is also inadequate because it merely states that the Defendant "was at all times hereinafter mentioned a foreign insurer licensed to transact and transacting insurance in the State of Arizona." Although the parties do not specific whether this entity is a corporation. the Court assumes that it is. For diversity purposes, a corporation is a citizen both of the state in which it was incorporated and the state in which it has its principle place of business. 28 U.S.C.A. § 1332(c)(1); *Montrose Chemical Corp. of Cal. v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1134 (9th Cir. 1997). Thus, a complaint involving a corporate party which fails to affirmatively allege both the corporation's state of incorporation and the state in which it has its principal place of business fails to allege diversity jurisdiction. *See, e.g., Fifty Assocs. v. Prudential Ins. Co. of Am.,* 446 F.2d 1187, 1190 (9th Cir. 1970). Therefore,

IT IS ORDERED that the Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, and the Plaintiff shall file an amended complaint properly asserting a jurisdictional bases for this action no later than **November 2, 2006.** The Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action without further notice.

1 IT IS FURTHER ORDERED that the Plaintiff shall give notice of this Order to any
2 Defendant already served with process.
3 DATED this 2nd day of October, 2006.

Paul G. Rosenblatt
United States District Judge

- 3 -

Case 2:06-cv-02314-PGR    Document 5    Filed 10/02/2006    Page 3 of 3